UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **RAYMOND EUGENE DOBSON,** § | | |
| **TDCJ No. 01786945,** § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | **CIVIL NO. SA-23-CA-0714-FB** | |
| § | | |
| **BOBBY LUMPKIN, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Division,** § | | |
| § | | |
| Respondent. § | | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are *pro se* petitioner Raymond Eugene Dobson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) and respondent Bobby Lumpkin's Answer (ECF No. 11) thereto. Petitioner challenges the constitutionality of his 2012 state court convictions for sexually assaulting two children, arguing that his guilty pleas were involuntary because his trial counsel did not adequately investigate or consult with him prior to his pleas. In response, respondent contends petitioner's federal habeas petition should be dismissed with prejudice as untimely.

Having carefully considered the record and pleadings submitted by both parties, the Court agrees with respondent that petitioner's allegations are barred from federal habeas review by the one-year statute of limitations embodied in 28 U.S.C. § 2244(d)(1). Thus, for the reasons discussed below, the Court concludes petitioner is not entitled to federal habeas corpus relief or a certificate of appealability.

**I. Background**

In May 2012, petitioner plead guilty in Bexar County to two counts of aggravated sexual assault of a child—a first-degree felony under Texas law. *State v. Dobson*, Nos. 2011CR10208 and

2011CR10209 (187th Dist. Ct., Bexar Cnty., Tex. May 15, 2012).[1]  Pursuant to the plea bargain agreement, petitioner was sentenced to fifteen years of imprisonment for each offense, with the sentences to run concurrently.[2]  Because petitioner waived his right to appeal as part of the plea bargain agreement, he did not directly appeal his convictions and sentences.

Instead, petitioner challenged the constitutionality of his state court convictions by filing two applications for state habeas corpus relief on March 29, 2016, at the earliest.[3]  *Ex parte Dobson*, Nos. 85,412-03, -04 (Tex. Crim. App.).[4]  The Texas Court of Criminal Appeals eventually denied both applications without written order on March 8, 2017.[5]  Petitioner later filed several other state habeas applications, all of which were ultimately dismissed by the Texas Court of Criminal Appeals as successive applications pursuant to Tex. Code. Crim. Proc. Art. 11.07, Sec. 4.  *Ex parte Dobson*, Nos. 85,412-07 through -10 (Tex. Crim. App.).[6]

Thereafter, petitioner placed the instant federal habeas petition in the prison mail system on May 26, 2023.[7]

---

[1] ECF Nos. 12-8 at 88-92 (Plea Agreement), 93-94 (Judgment); 12-14 at 87-88 (Judgment).

[2] ECF No. 12-8 at 88-92.

[3] Because of petitioner's *pro se* status, the prison mailbox rule applies to his state habeas applications. *Richards v. Thaler*, 710 F.3d 573, 579 (5th Cir. 2013) (extending mailbox rule to state habeas application delivered to prison authorities for mailing).

[4] ECF Nos. 12-8 at 4-20; 12-14 at 4-20.

[5] ECF Nos. 12-7; 12-13.

[6] ECF Nos. 12-22; 12-24; 12-26; and 12-30.

[7] ECF No. 1 at 15.

## II. Timeliness Analysis

Respondent contends the allegations raised in petitioner's federal habeas petition are barred by the one-year limitation period of 28 U.S.C. § 2244(d). Section 2244(d) provides, in relevant part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.

In this case, petitioner's convictions became final June 14, 2012, when the time for appealing the judgments and sentences expired. *See* Tex. R. App. P. 26.2 (providing a notice of appeal must be filed within thirty days following the imposition of a sentence). As a result, the limitations period under § 2244(d) for filing a federal habeas petition challenging his underlying convictions expired a year later on June 14, 2013. Because petitioner did not file his § 2254 petition until May 26, 2023—almost ten years after the limitations period expired—his petition is barred by the one-year statute of limitations unless it is subject to statutory or equitable tolling.

### A.   Statutory Tolling

Petitioner does not satisfy any of the statutory tolling provisions found under 28 U.S.C. § 2244(d)(1). There has been no showing of an impediment created by the state government that violated the Constitution or federal law which prevented petitioner from filing a timely petition. 28 U.S.C. § 2244(d)(1)(B). There has also been no showing of a newly recognized constitutional right upon which the petition is based, and there is no indication that the claims could not have been discovered earlier through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C)-(D).

Similarly, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2). Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall

not be counted toward any period of limitation under this subsection." Petitioner did challenge the instant convictions by filing several applications for state post-conviction relief, the first of which were filed in March 2016. But as discussed previously, petitioner's limitations period for filing a federal petition expired in June 2013. Because the state habeas applications were filed well after the time for filing a federal petition under § 2244(d)(1) had lapsed, they do not toll the one-year limitations period. *See* 28 U.S.C. § 2244(d)(2); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Thus, the instant § 2254 petition, filed in May 2023, is still almost ten years late.

**B.     Equitable Tolling**

In some cases, the limitations period may be subject to equitable tolling. The Supreme Court has made clear that a federal habeas corpus petitioner may avail himself of the doctrine of equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *McQuiggin v. Perkins*, 569 U.S. 383, 391 (2013); *Holland v. Florida*, 560 U.S. 631, 649 (2010). Equitable tolling is only available in cases presenting "rare and exceptional circumstances," *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002), and is "not intended for those who sleep on their rights." *Manning v. Epps*, 688 F.3d 177, 183 (5th Cir. 2012).

Petitioner has not replied to respondent's assertion of the statute of limitations, and his § 2254 petition provides no valid argument for equitably tolling the limitations period in this case. Even with the benefit of liberal construction, petitioner has provided no reasonable justification to this Court for the application of equitable tolling, as a petitioner's ignorance of the law, lack of legal training or representation, and unfamiliarity with the legal process do not rise to the level of a rare or exceptional circumstance which would warrant equitable tolling of the limitations period. *U.S. v. Petty*, 530 F.3d 361, 365-66 (5th Cir. 2008); *see also Sutton v. Cain*, 722 F.3d 312, 316-17 (5th Cir. 2013) (a garden variety claim of excusable neglect does not warrant equitable tolling).

Moreover, petitioner fails to demonstrate that he has been pursuing his rights diligently. Petitioner's convictions became final in June 2012, yet he filed nothing until March 2016 when he executed his first two state habeas corpus applications challenging the underlying guilty plea. This delay alone weighs against a finding of diligence. *See Stroman v. Thaler*, 603 F.3d 299, 302 (5th Cir. 2010) (affirming the denial of equitable tolling where the petitioner had waited seven months to file his state application). Petitioner also fails to explain why he waited another two months after the Texas Court of Criminal Appeals dismissed his most recent state habeas applications in March 2023 before filing the instant federal petition in this Court.

Consequently, because petitioner fails to assert any specific facts showing that he was prevented, despite the exercise of due diligence on his part, from timely filing his federal habeas corpus petition in this Court, his petition is untimely and barred by § 2244(d)(1).

### III. Certificate of Appealability

The Court must now determine whether to issue a certificate of appealability (COA). *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; *Miller–El v. Cockrell,* 537 U.S. 322, 335-36 (2003) (citing 28 U.S.C. § 2253(c)(1)). A COA may issue only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Supreme Court has explained that the showing required under § 2253(c)(2) is straightforward when a district court has rejected a petitioner's constitutional claims on the merits: The petitioner must demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). This requires a petitioner to show "that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller–El*, 537 U.S. at 336 (citation omitted).

The issue becomes somewhat more complicated when the district court denies relief on

procedural grounds.  *Id*.  In that case, the petitioner seeking COA must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack,* 529 U.S. at 484).  In other words, a COA should issue if the petitioner *not only* shows that the lower court's procedural ruling is debatable among jurists of reason, but also makes a substantial showing of the denial of a constitutional right.

A district court may deny a COA *sua sponte* without requiring further briefing or argument. *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir. 2000).  Here, the one-year statute of limitations found in the AEDPA has been in place since 1996, yet petitioner provided no reasonable justification for missing the filing deadline by over almost ten years.  Thus, for the reasons discussed herein, the Court concludes that jurists of reason would not debate whether petitioner was entitled to federal habeas relief, and a COA will not issue.

## IV.  Conclusion

After careful consideration, the Court concludes that petitioner's § 2254 petition (ECF No. 1) is barred from federal habeas corpus relief by the statute of limitations set forth in 28 U.S.C. § 2244(d).  As a result, petitioner is not entitled to federal habeas corpus relief.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Federal habeas corpus relief is **DENIED**, and petitioner Raymond Eugene Dobson's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITH PREJUDICE** as untimely;

2. No Certificate of Appealability shall issue in this case; and

3. All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 11th day of December, 2023.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE